IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOSE A. FLORES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: |
| v. | ) | |
| | ) | _____ |
| ULTIMATE APPEARANCE LAWN | ) | |
| SERVICE, LLC, and MICHAEL T. | ) | JURY TRIAL DEMANDED |
| MENDENHALL, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Jose A. Flores, by and through undersigned counsel, and files this Complaint against Defendants Ultimate Appearance Lawn Service, LLC and Michael T. Mendenhall, showing as follows:

## Nature of Complaint

1. This action seeks declaratory relief, along with liquidated and actual damages, for Defendants' failure to pay federally-mandated wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* (hereinafter, the "FLSA").

2. Plaintiff also states claims against Defendants for breach of contract and unjust enrichment.

1

## Jurisdiction and Venue

3.     The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.     Plaintiff is a resident of the State of Georgia.

5.     Defendant Ultimate Appearance Lawn Service is a Georgia corporation and resides in this district. Defendant Ultimate Appearance Lawn Service does business in and is engaged in commerce in the State of Georgia.

6.     Defendant Mendenhall is an individual resident of Georgia and resides in this district.

7.     Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendants reside in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

## Parties

8.     Upon information and belief, Defendant Ultimate Appearance Lawn Service is a company that performs landscaping and home-renovation services for residences that are being prepared for sale.

9.     Defendant Ultimate Appearance Lawn Service is an "employer" within the definition of the FLSA, 29 U.S.C. § 203(d).

2

10.    Upon information and belief, Defendant Mendenhall is the owner/operator of Defendant Ultimate Appearance Lawn Service.

11.    Defendant Mendenhall is an "employer" within the definition of the FLSA, 29 U.S.C. § 203(d).

12.    Plaintiff began working for Defendants in 2006.  He stopped working for Defendants in August 2013 after Defendants refused to pay him his earned wages.

13.    Defendants directed when, where, and how Plaintiff performed his work for them.  At no time during his employment did Plaintiff manage others, make executive decisions, or perform administrative tasks.

14.    At all times during his employment with Defendants, Plaintiff was an "employee" of Defendants as that term has been defined by the FLSA.

## Facts

15.    Throughout his employment with Defendants, Plaintiff's primary job duties involved various types of manual labor, specifically labor involving landscaping jobs and home renovations.

16.    During certain weeks Plaintiff worked for Defendants, Plaintiff had to drive between job sites, purchase materials using his own money, and spend time cleaning the tools he used while at work.

3

17.    Every week that Plaintiff worked for Defendants, he worked more than forty hours per week.

18.    Defendants paid Plaintiff only sporadically and without regard to how many hours Plaintiff worked each week.

19.    As a result, at times during the last three years, Plaintiff worked in excess of forty hours in multiple workweeks without receiving overtime compensation.

20.    Adding insult to injury, in certain instances Defendants failed to pay Plaintiff anything at all for certain workweeks during which he performed work.

21.    For example, Defendants failed to pay Plaintiff for any of the work he performed from July 15, 2013 to August 2, 2013.

22.    Plaintiff has made repeated demands for his unpaid wages.

23.    Defendants' only response to these demands has been threats directed at Plaintiff and his counsel.

## Count I: Violation of the FLSA

24.    Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

25.     Defendants have violated the FLSA by routinely failing to pay Plaintiff wages for all work performed.

26.     Defendants have also violated the FLSA by routinely failing to pay overtime wages for hours Plaintiff worked in excess of forty hours in given workweeks.

27.     Defendants knew or showed reckless disregard for the fact that they failed to compensate Plaintiff in accordance with the requirements of the FLSA.

28.     Defendants failed to accurately report, record, and/or preserve records of the hours worked by Plaintiff and, thus, have failed to make, keep, and preserve records sufficient to determine Plaintiff's wages and hours as required by the FLSA.

29.     Defendants' violations of the FLSA were willful and in bad faith.

30.     As a result of Defendants' violations of the FLSA, Plaintiff is entitled to recover his unpaid wages, the unpaid overtime differential, liquidate damages, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## Count II: Breach of Contract

31.     Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

32.     There was a valid and binding agreement between the parties that Plaintiff would perform work for Defendants and, in return, Defendants would compensate Plaintiff.

33.     Plaintiff performed his obligations under the contract.

34.     Defendants have failed to pay Plaintiff for the work he performed despite due demand.

35.     Defendants have breached the contract by failing to perform their obligations.

36.     Plaintiff has been damaged as a direct and proximate cause of Defendants' breach.

## Count III: Unjust Enrichment

37.     Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

38.     If the Court determines that there is no enforceable contract between the parties, Defendants must still pay restitution to Plaintiff for their unjust enrichment.

39.     Plaintiff conferred benefits on Defendants by performing work for Defendants for which Plaintiff has not been paid.

40.     Defendants have been unjustly enriched in receiving these benefits.

41.     Defendants' retention of these non-gratuitous benefits conferred on them is unjust and inequitable and, as a result, Plaintiff is entitled to restitution.

## Prayer for Relief

WHEREFORE, Plaintiff seeks judgment against Defendants as follows:

(a)     For an order declaring that Defendants' conduct violates the causes of action referenced herein;

(b)     For an order against Defendants awarding Plaintiff unpaid wages, liquidated damages, and other damages in amounts to be determined by the Court and/or jury;

(c)     For an order against Defendants awarding Plaintiff restitution and all other forms of equitable money relief;

(d)     For an order against Defendants awarding Plaintiff his reasonable attorneys' fees;

(e)    For an order against Defendants awarding Plaintiff his expenses and costs of suit; and

(f)    For an order against Defendants awarding Plaintiff such other relief as the Court may deem just and proper.

Respectfully submitted this 19th day of February, 2014.

Attorney for Plaintiff, a client of the Atlanta Legal Aid Society.

/s/Leslie K. Eason
Leslie K. Eason, Esq.
Georgia Bar No.: 100186
The Eason Law Firm
6150 Old National Highway
College Park, Georgia 30349
(770) 909-7200
(770) 909-0644
leason@easonlawfirm.com